# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARILYN L. HAMILTON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE CITY SCHOOL DISTRICT OF PHILADELPHIA, et al. | : | NO. 17-2623 |

## MEMORANDUM

**PRATTER, J.**                                                                               JUNE 16, 2017

Currently before the Court is plaintiff Marilyn Hamilton's motion to proceed *in forma pauperis* and her complaint based on how school officials and/or employees of the Philadelphia School District treated her and her child. This is the fourth civil action that Ms. Hamilton has filed against the school district. For the following reasons, the Court will grant Ms. Hamilton leave to proceed *in forma pauperis* and dismiss her complaint because it duplicates her prior lawsuits.

## I. FACTS AND PROCEDURAL HISTORY[1]

### a. Ms. Hamilton's Prior Civil Actions

Ms. Hamilton's difficulties with the Philadelphia School District have given rise to four civil actions in eight months. Ms. Hamilton is proceeding *pro se* and *in forma pauperis* in all of her cases.

Ms. Hamilton, who is hearing-impaired, filed her first lawsuit, Civil Action Number 16-5602, against William R. Hite (Superintendent of the Philadelphia School District), the Webster Elementary School, Sherri Arabia (identified as Principal), Byron Goldson (also identified as

---

[1] The following facts are taken from the complaint and publicly available dockets of related proceedings in federal court.

1

Principal), "City School of Philadelphia," Rachel Holzman (identified as Deputy Chief), Carl W. Holmes, Jr. (identified as Chief of School Safety), and other school employees. Her amended complaint[2] indicated that she was raising civil rights claims based on events that occurred at Webster Elementary School where her son attended school since February 6, 2016. Although her allegations are not entirely clear, it appears that Ms. Hamilton was dissatisfied with the manner in which school officials treated her son and believed that officials interfered with her ability to address her concerns by failing to provide her with a sign-language interpreter. She also indicated that certain defendants retaliated against her, apparently by destroying her car, calling child protective services, and beating her son.

Approximately two months after filing her first lawsuit, Ms. Hamilton initiated a second lawsuit, Civil Action Number 16-6579, naming several of the same defendants—including the "City School District of Philadelphia," Superintendent Hite, Rachel Holzman, and Carl Holmes—and some new defendants—including Jessica Ramos, the Principal of Stearne Elementary School. The complaint indicated that it is based on events that took place at three elementary schools in the Philadelphia School District—Stearne Elementary, Howe Elementary, and Webster Elementary.

In her second lawsuit, Ms. Hamilton alleged that her child was treated unfairly, yelled at, and bullied by teachers at Stearne Elementary School. Ms. Hamilton filed a "bullying" complaint after an incident during which school employees allegedly tried to hit her son, but did not receive a response. Ms. Hamilton also claimed claimed that her son was assaulted by staff in the wake of a fight between him and another student. Her son was expelled from the school after that incident and following meetings among Ms. Hamilton and school officials. Ms.

---

[2] Ms. Hamilton filed her initial complaint on October 26, 2016, and filed an amended complaint naming additional defendants on November 29, 2016.

2

Hamilton appears to be claiming, at least in part, that the defendants assaulted her child, removed her child from school, and filed false complaints with the Department of Human Services to retaliate against her for filing a complaint with the Department of Education's Office of Civil Rights and for filing a federal lawsuit.

Three months after filing her second lawsuit, Ms. Hamilton initiated a third lawsuit, Civil Action Number 17-970, against the School District, Superintendent Hite, Rachel Holzman, Jessica Ramos, and others, based on events that took place at Stearne Elementary School. As in Civil Action Number 16-6579, Ms. Hamilton alleged that her son was removed from the school because she had filed a civil rights complaint and claimed that some individuals filed false complaints against her with the Department of Human Services. She also alleged that the defendants interfered with her son's ability to get an education, used sign language interpreters to harass her, and interfered with her ability to rectify the situation with the school.

In a March 23, 2017 order, the Court consolidated Ms. Hamilton's three cases for discovery and pretrial purposes. Mr. Holmes filed motions to dismiss the claims against him in Civil Action Number 16-6579. In an order dated June 6, 2017, the Court granted Mr. Holmes's motions on the grounds that Ms. Hamilton failed to allege in her complaint how Mr. Holmes was personally involved in the alleged violation of her rights. However, the Court gave Ms. Hamilton leave to file an amended complaint before June 30, 2017.

### b. The Instant Civil Action

On June 9, 2017, Ms. Hamilton filed the instant civil action against "the City School District of Philadelphia," Superintendent William R. Hite, Rachel Holzman Esq., the Office of School Safety, the Parent Help Line, the Bullying Prevention Dept & Hotline, and "School Climate and Safety." Ms. Hamilton attached to her complaint a copy of the Court's June 6, 2017

3

order dismissing her claims against Mr. Holmes in Civil Action Number 16-6579 without prejudice. She drew an "X" through that order and wrote "see new filled [sic] Complaint 6/9/17."

As with her prior complaints, Ms. Hamilton's most recent complaint indicates that it is based on events that took place at Stearne Elementary School, Webster Elementary School, and Howe Elementary School. Her complaint is predominately comprised of generalized allegations that school officials have been mistreating her and her son, and vaguely alludes to several of the same incidents that are at issue in her prior lawsuits including the expulsion of her son from school in December of 2016. Ms. Hamilton did not name Mr. Holmes as a defendant, but she suggests that she was falsely led to believe he was the head of the "Safety, Bullying Department."

## II. STANDARD OF REVIEW

The Court grants Ms. Hamilton leave to proceed *in forma pauperis* because it appears as though she is incapable of paying the fees to commence this civil action.

Nonetheless, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the complaint if, among other things, it is malicious. "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995). In that regard, "a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims." *Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012). Additionally, "[a]s part of its general power to administer its docket, a district court may stay or

4

dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). As Ms. Hamilton is proceeding *pro se*, the Court has construed her allegations liberally, *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), but finds her complaint to be inappropriately malicious.

### III. DISCUSSION

Ms. Hamilton's complaint is based on the same underlying events and claims at issue in her three previously-filed cases, which are currently ongoing. If Ms. Hamilton sought to amend her claims against Mr. Holmes in Civil Action Number 16-6579, she was permitted to do so in accordance with the Court's order in that case. However, the Court's order did not justify the filing of a new lawsuit based on the same claims that are already being litigated in her prior cases. Indeed, a plaintiff has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc). Accordingly, the Court will dismiss this lawsuit without prejudice to Ms. Hamilton proceeding on her claims in Civil Action Numbers 16-5602, 16-6579, and 17-970.[3]

### IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Ms. Hamilton is not given leave to file in an amended complaint in this case. However, the dismissal is without prejudice to her proceeding in her previously-filed cases. An appropriate order follows.

---

[3] Ms. Hamilton's decision to incorporate additional defendants in this lawsuit does not alter the Court's decision. Most, if not all, of those defendants appear to be divisions, offices, or departments of the school district that appear unnecessary because Ms. Hamilton has included the School District as a defendant. In any event, if Ms. Hamilton learns of additional defendants in the course of discovery who are not named in her prior lawsuits, she must move to amend her complaints in those cases in accordance with the Federal Rule of Civil Procedure 15.

5